## UNITED STATES DISTRICT COURT
### For the Middle District of Florida
### Fort Myers Division

MRS. ANITA ROBINSON and MR. ALBERT
M. ROBINSON,

    Plaintiffs,

v.                          CASE NO.: 2:12-cv-675FtM-29SPC

SECTION 23 PROPERTY OWNERS
ASSOCIATION, INC., ET AL,

    Defendants.

_____/

## DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH SUBPOENA DIRECTED TO SECTION 23 POA / CARLSON & SOFORTH

COMES NOW, Defendants, RONALD WOODS, HARVEY GOLDSTEIN, CYRIL SCHRAGE, JOSEPH HARRIS, KAREN PERRY, VICKY DOE, and EARLE JAY CARLSON (collectively, hereinafter "Association Defendants"), by and through the undersigned counsel, and pursuant to Rule 26(c), Fed.R.Civ.P, and Rule 45(d)(3), Fed.R.Civ.P., hereby files this Motion for Protective Order and Motion to Quash Subpoena Directed to Section 23 POA / Carlson & Soforth (the "Subpoena"), and in support thereof would state:

1.      On February 17, 2014, undersigned counsel received Plaintiffs' Notice of Intent to Serve the Subpoena by U.S. Mail (attached hereto as Exhibit A). As is evident, the Notice was executed by Plaintiff on November 13, 2014. The Notice states that the Subpoena was to be served February 14, 2014, and the Subpoena was to be executed on February 20, 2013, where certain documents were sought pursuant to production and/or inspection request.

2.      The Subpoena was not served until February 18, 2014, just two (2) days prior to the execution date where certain documents were sought to be produced and/or inspected. Said service was effectuated upon David K. Oaks, as registered agent (attached hereto as Exhibit B).

3.      Plaintiffs never conferred with the undersigned counsel as to the date, time or location where the Subpoena would be executed.

4.      Plaintiffs never conferred with Section 23 POA or Carlson & Soforth as to the date, time or location where it would produce the documents sought pursuant to the Subpoena.

5.      Due to Plaintiffs filing of multiple complaints in this matter, with each naming different parties and/or alleging different causes of action, and Plaintiffs' failure to effectuate service upon the multiple parties they are attempting to bring into this lawsuit through their twice filed and proposed Fifth Amended Complaint, Association Defendants and Plaintiffs have not yet participated in the mandated Rule 26 meeting. Succinctly, Association Defendants are unable to identify with any clarity the parties to this cause of action and which causes of action are being forwarded against which named defendants in order to properly make initial disclosures as required by the Rule.

6.      On February 20, 2014, the undersigned wrote Plaintiffs, attempting to confer and express its dissatisfaction with the lack of notice, and informing Plaintiffs of its objection to the execution of the Subpoena due to Plaintiffs' failure to follow appropriate Rules of Civil Procedure (attached hereto as Exhibit C). As the undersigned has attempted to confer with Plaintiffs in an effort to resolve the dispute without court action, it now files this Motion for Protective Order in an abundance of caution.

7.      Pursuant to Rule 26(c), Fed.R.Civ.P., "A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending[.]" The Court then may issue an order specifying the terms of the discovery sought, including the time and place "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" for good cause. *Id.*

8.      Pursuant to Rule 45(d)(3)(A)(i), "On timely motion, the court for the district where compliance is required must quash or modify a subpoena that fails to allow reasonable time to comply."

9.      In *Kindred Rehab Services, Inc. v. Florida Convalescent Centers, Inc.,* 2007 WL 2028767 (M.D. Fla. 2007), the court granted defense counsel's Motion for Protective Order and quashed a subpoena where the plaintiff failed to provide proper notice to the defendant and to the non-party subpoena entities where plaintiff only gave two (2) full business days notice.   The court stated.

> Plaintiff's counsel's behavior does not appear to comport with the Middle District of Florida's expectation that "[d]iscovery in this district should be practiced with a spirit of cooperation and civility" and that lawyers who practice in this district "shall reasonably attempt to accommodate the schedules of opposing lawyers, parties, and witnesses in scheduling discovery."

*Id.* at 1.

10.      Further, pursuant to Rule 26(d), Fed.R.Civ.P., generally a party is prohibited from seeking discovery from any source prior to the parties Rule 26 meeting.

11.     In the case at bar, as in *Kindred Rehab Services, Inc.,* Plaintiffs only afforded the undersigned and the non-party subpoenaed entities merely a matter of days notice that its subpoena would be executed and whereby documents were to have been produced for inspection and/or copying.  Further, Plaintiffs made no attempt to confer with the undersigned or Section 23 POA or Carlson & Soforth prior to issuing the Subpoena in order to attempt to accommodate schedules.  This practice is in clear contradiction of the Rules and, as in *Kindred Rehab Services, Inc.,* Association Defendants' Motion for Protection Order must be granted and the Subpoena quashed.

12.     Further, Plaintiffs' Subpoena is premature, as discovery is not permitted to be propounded upon any party prior to the named parties initial disclosure meeting pursuant to Rule 26(f).  Thus, Association Defendants' Motion for Protective Order must be granted and the Subpoena quashed.

WHEREFORE, Defendants, RONALD WOODS, HARVEY GOLDSTEIN, CYRIL SCHRAGE, JOSEPH HARRIS, KAREN PERRY, VICKY DOE, and EARLE JAY CARLSON, respectfully request this Honorable Court grant its Motion for Protective Order and Motion to Quash Subpoena Directed to Section 23 POA / Carlson & Soforth, and for any and all further relief as this Honorable Court deems fair and just.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished this 21st day of February, 2014, via email delivery to Albert Robinson and Anita Robinson, 25264 Padre Lane, Punta Gorda, FL 33983; Harvey Goldstein, 26217 Rampart Boulevard, Punta Gorda, FL 33983; Joseph Harris, 26217 Rampart Boulevard, Punta Gorda, FL 33983; Karen Perry, 26217 Rampart Boulevard, Punta Gorda, FL 33983; Jane Barbara Robinson, 217 Cottage Avenue, Bridgeton, NJ 08302; Cyril Schrage, 26217 Rampart Boulevard, Punta Gorda, FL 33983; Ronald Woods, 26217 Rampart Boulevard, Punta Gorda, FL 33983.

CURTRIGHT C. TRUITT, P.A.
Attorneys for Defendants
12711 World Plaza Lane
Building 81
Fort Myers, Florida 33907
Telephone: (239) 277-5225
Facsimile: (239) 277-0943
Email: curt@ctruittpa.com
Service of Pleadings: mail@ctruittpa.com


_____
CURTRIGHT C. TRUITT
Fla. Bar No.: 0373974