## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

ANITA ROBINSON and ALBERT M.
ROBINSON,

       Plaintiffs,

v.                                                      Case No:  2:12-cv-675-FtM-29CM

SECTION 23 PROPERTY
OWNER'S ASSOCIATION, INC.,
RONALD WOODS, HARVEY
GOLDSTEIN, CYRIL SCHRAGE,
JOSEPH HARRIS, KAREN
PERRY, MS. JANE DOE, VICKY
DOE, EARLE JAY CARLSON,
DAVID K. OAKS, GUY NERONI,
RICHARD DALTON,
CHARLOTTE COUNTY BOARD
OF COMMISSIONERS and
VICTORIA CRAIG,

       Defendants.

_____

## <u>ORDER</u>

Before the Court is Defendants' Motion to Strike Plaintiffs' Fifth Amended
Complaint and Renewed Request that this Honorable Court Dismiss this Case With
Prejudice Pursuant to Local Rule 4.07 and/or 28 U.S.C. § 1915(e) (Doc. 80, "Motion to
Strike").   Plaintiffs *pro se* Albert and Anita Robinson included a response to the
Motion to Strike in their response to Defendants' Motion to Dismiss.   Doc. 81 at ¶¶
12-16.   Also before the Court is Defendants' Motion for Protective Order and Motion
to Quash Subpoena Directed to Section 23 Property Owner's Association and Carlson
& Soforth.   Doc. 85.   Plaintiffs' Opposition was filed at Doc. 86.   Finally, before the

Court is Defendants' Motion for Extension of Rule 26 Initial Disclosures.   Doc. 87. Plaintiffs Opposition was filed at Doc. 88; and Defendants filed a Reply, including a Motion to Strike Plaintiffs' Response and Request for Status and/or Case Management Conference (Doc. 89) within the Reply.[1]   For the reasons stated herein, the Motions are granted.

## I.   Background

Plaintiffs are proceeding *pro se* and *in forma pauperis* in this action.   Docs. 14, 15.   Plaintiffs' Fourth Amended Complaint alleges RICO, Fair Housing Act, intentional infliction of emotional distress, and violations of the First Amendment, complaining about actions taken by Section 23 Property Owner's Association ("Section 23 POA") and its board members, including fines for violations of deed restrictions, which manage the subdivision where Plaintiffs live in Punta Gorda, Florida.   Doc. 50.   Plaintiffs allege that Defendants actions were discriminatory. Plaintiffs have amended their complaint five times, adding and dropping defendants each time.   Docs. 1, 11, 23, 50, 78.   A review of the docket shows that Plaintiffs' Fourth Amended Complaint (Doc. 50) is the operative complaint, which Defendants have moved to dismiss, arguing in part, lack of subject matter jurisdiction and failure to state a claim.   Docs. 53, 57, 79.

---

[1] Defendants improperly filed the Reply without leave of Court.   *See* M.D. Fla. Rule 3.01(c).   Any requests for relief buried in responses to motions or not otherwise properly before the Court may be stricken.   *See Estate of Miller ex rel. Miller v. Toyota Motor Corp.*, No. 6:07-cv-1358-Orl-19DAB, 2008 WL 899054, at *2 (M.D. Fla. Mar. 31, 2008) (noting plaintiff's request was denied in part because it was buried in a response to a motion). Therefore, the pleading will be stricken.

Plaintiff's first request to proceed *in forma pauperis* was denied in December 2012 and Plaintiffs were informed of several jurisdictional deficiencies in their first Complaint (Doc. 1).   Doc. 4.   In that Order, the Court cautioned Plaintiffs that claims brought pursuant to 42 U.S.C. § 1983 failed because Plaintiffs did not allege that any of the Defendants were acting under the color of state law nor were any of the Defendants state actors.   Doc. 4 at 2.   The Court further noted that diversity jurisdiction did not exist.   *Id.*   The Court informed Plaintiffs that they bear the burden of adequately pleading, and ultimately proving jurisdiction.   *Id.* at 4 (citing *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1171 (11th Cir. 2007)).   The Court afforded Plaintiffs 30 days to remedy the deficiencies identified by filing an amended complaint.   *Id.*   The Court cautioned Plaintiffs that failure to file an amended complaint correcting the deficiencies identified could result in the case being dismissed for failure to prosecute.   *Id.* at 5.

Plaintiffs' First Amended Complaint (Doc. 11), removed the counts brought pursuant to 42 U.S.C. § 1983, and Plaintiffs were granted leave to proceed *in forma pauperis*.   Docs. 14, 15.   Although Plaintiffs had been warned that this Court does not have jurisdiction over the Section 1983 claims, Plaintiffs added the Section 1983 counts back into their Fourth Amended Complaint (Doc. 50 at 35-40), which currently is the operative pleading.   Motions to Dismiss the Fourth Amended Complaint have been filed and are pending before the Court.   Docs. 53, 57, 79.   Based upon the Court's brief review of Plaintiffs' Fifth Amended Complaint (Doc. 78), the Court notes

that it suffers from some of the same deficiencies previously identified by the Court, and additional deficiencies as well, as further outlined herein.

Although this case was originally filed on December 17, 2012, the parties have not participated in a Federal Rule of Civil Procedure 26(f) case management conference; thus, no scheduling order has been entered.[2]   Although a Rule 26(f) meeting has yet to take place, Plaintiffs have attempted to begin discovery, serving Section 23 POA and non-party Carlson & Soforth with a subpoena for documents on February 18, 2014.   Doc. 85-1.   The subpoena requested that documents be produced on February 20, 2014.   *Id.*

## II.   Defendants' Motion to Strike Plaintiffs' Fifth Amended Complaint and Plaintiffs' Request to File a Motion for Leave to Amend Complaint

### a.   *Motion to Strike*

On January 15, 2014, this Court struck Plaintiffs' Fifth Amended Complaint (Doc. 59) for failure to comply with Local Rule 4.01 because Plaintiffs incorporated by reference allegations and claims that were contained in the Fourth Amended Complaint.   Doc. 76.   In that Order, the Court provided guidance to the Plaintiffs, informing them that if they would like to file a fifth amended complaint, they must first file a motion for leave to amend, and attach a copy of the fifth amended complaint as an exhibit.   *Id.* at 2.   The Court further informed Plaintiffs that prior to doing so,

---

[2] It is not clear why the parties have not participated in a Rule 26(f) meeting.   Local Rule 3.01(c)(2)(B) states that counsel and any unrepresented parties shall meet within 60 days after service of the complaint on any defendant, or the first appearance of any defendant, regardless of the pendency of any undecided motions, for the purposes of preparing and filing a case management report.

they **must** comply with Local Rule 3.01(g) and make a good faith effort to confer with opposing parties prior to filing a new motion for leave to amend.   *Id.* (emphasis in original).   Plaintiffs failed to do so.   Instead, they filed a Fifth Amended Complaint (Doc. 78) on February 5, 2014, without first seeking leave of Court to do so. Accordingly, Defendants move to strike the filing.   Plaintiffs did not file a response to the Motion to Strike.   Instead, buried in their response to Defendants' Motion to Dismiss, Plaintiffs state that they "construed the Order [regarding filing the fifth amended complaint] as get this re-filed by the 5th of February"[3] and request leave to correct the mistake and seek leave to file a motion for leave to amend their complaint. Doc. 82 at ¶ 12.

The Court will strike the Fifth Amended Complaint (Doc. 78) for failure to comply with this Court's January 15, 2014 Order.   The Court will allow Plaintiffs to file a motion for leave to file an amended complaint, but will provide Plaintiffs a short amount of time to do so.

    b.  *Motions for Leave to Amend*

The Court will take this opportunity to caution Plaintiffs regarding future requests for leave to amend.   The Court has briefly reviewed the Fifth Amended Complaint (Doc. 78) and cautions Plaintiffs that it suffers from numerous deficiencies, including some previously pointed out by the Court.   If Plaintiffs merely intend to attach Doc. 78 to a request for leave to amend, it will be denied.   Although

---

[3] It is not clear where Plaintiffs get this date from.   The Court's Order does not state that the motion for leave to amend must be filed by any particular date or otherwise mention February 5.   Doc. 76.

Plaintiffs are proceeding *pro se*, and the Court construes their pleadings liberally, they must still conform to procedural rules, especially when they have been cautioned before. *Hope v. Bureau of Prisons*, 476 F. App'x 702, 704-05 (11th Cir. 2012). *Pro se* litigants are "still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading." *Washington v. Dept. of Children and Families*, 256 F. App'x 326, 327 (11th Cir. 2007) (per curiam). Accordingly, *pro se* litigants are still expected to satisfy certain pleading criteria. *See Zabriskie v. City of Orlando*, No. 6:10-cv-1090-Orl-22DAB, 2010 WL 3259394, at *1 (M.D. Fla. July 27, 2010).

Federal Rules of Civil Procedure 15 provides that, for amendments not filed as a matter of course such as in the instant case, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Although leave to amend shall be freely given when justice so requires, a motion to amend may be denied on numerous grounds such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Maynard v. Bd. of Regents of the Div. of Univs. of the Fla. Dep't of Educ. ex rel. Univ. of S. Fla.*, 342 F.3d 1281, 1287 (11th Cir. 2003); *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999) (quoting *Foman*, 371 U.S. at 182).

First, the Fifth Amended Complaint (Doc. 78) contains deficiencies which the Court has previously warned Plaintiff about, including claims over which the Court has informed Plaintiffs that it does not have jurisdiction. For example, Plaintiff impermissibly bring counts pursuant to 42 U.S.C. § 1983 against Defendants that are not acting under the color of state law, nor are state actors. *See* Doc. 4 at 2. Plaintiffs also seek to add as party defendants Charlotte County, Charlotte County Commissioner Kenneth W. Doherty, and Charlotte County Code Enforcement employee Richard Dalton (sued in his individual and official capacity), in order to assert constitutional claims under Section 1983. Doc. 78 at 1, ¶¶ 20, 22, 23. Yet, Plaintiffs still allege Section 1983 violations against *all* Defendants and provide no support whatsoever that any Defendants took actions that violated federal law or Plaintiffs' constitutional rights. *See* Doc. 78 at 36-42. For example, Plaintiffs allege that Charlotte County Code Enforcement bars him from parking his pickup and trailer in all of Charlotte County. *Id.* at 11. Even if true, Plaintiffs fail to allege any violations of federal law.[4] Further, Plaintiffs clearly lack standing to assert criminal claims against Defendants, even in light of their assertion that they are acting as a "private attorney general." Doc. 78 at 3.

---

[4] Plaintiffs are also informed that in a Section 1983 case, a plaintiff may be assessed his opponent's attorney's fees if the court finds that the claim was "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so. And, needless to say, if a plaintiff is found to have brought or continued such a claim in bad faith, there will be an even stronger basis for charging him with the attorney's fees incurred by the defense." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978); *Brivik v. Murray*, No. 8:11-cv-2101-T-33TGW, 2014 WL 1576721, at *3 (M.D. Fla. Apr. 18, 2014). Costs may also be awarded to the prevailing party. *Brivik*, 2014 WL 1576721, at *3-4.

In addition, Plaintiff's Fifth Amended Complaint fails to comply with Federal Rules of Civil Procedure 8 and 10.   The Fifth Amended Complaint (Doc. 78) contains a plethora of alleged criminal and civil violations under federal and state law. Plaintiffs enumerate the following statutes, among other legal provisions, but do not specifically address the particular elements or which actions of which specific Defendants violated which law: 42 U.S.C. § 1982, 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 241, 42 U.S.C. § 242, 42 U.S.C. § 3613, 18 U.S.C. § 1512, the Fair Housing Amendment Act, RICO, Hobbs Act, Fla. Stat. § 720.305, Fla. Stat. § 895.01, due process, and the First and Fourteenth Amendments.   Plaintiffs seek a preliminary injunction, compensatory damages, special damages, punitive damages, pecuniary damages, restitution and legal fees.   *Id.* at 44.

The Federal Rule of Civil Procedure 8(a) requires that a pleading set forth a claim of relief and contain a "short and plain statement" in which the pleader is entitled to relief.   This requirement ensures that the defendant is given fair notice of what the claim is and the grounds upon which it rests.   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561-63 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).   To meet this standard, the plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."   *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Federal Rule 10 requires that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.   A later pleading may refer by number to a paragraph in an earlier pleading.   If doing so would promote clarity, each claim founded upon

on a separate transaction or occurrence– and each defense other than a denial– must be stated in and separate count or defense.

Fed. R. Civ. P. 10(b).   In an impermissible shotgun pleading "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trustee of Cent. Fl. Comm. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).   A "complaint's failure to link factual allegations to specific counts makes it a quintessential shotgun pleading.   As such, it does not comply with Rule 8(a)." *Frantz v. Walled*, 513 F. App'x 815, 821 (11th Cir. 2013).   The Court holds *pro se* complaints to a less stringent standard than pleadings drafted by attorneys, *Ortiz v. Degrees*, 2010 WL 2889773, *1 (M.D. Fla. June 28, 2010), but a *pro se* litigant is still bound to follow the pleading requirements set forth in the Federal Rules of Civil Procedure.   *See Goldsmith v. City of Atmore*, 996 F.2d 1155, 1161 (11th Cir. 1993).

Factually, it is difficult to discern what Plaintiffs are actually claiming that each Defendant did to violate their constitutional rights such that Plaintiffs' complaint would survive a motion to dismiss for failure to state a claim.   Rather, it contains numerous accusations and allegations, including aggravated perjury, harassment, extortion, assault on Plaintiffs' children, and even going so far as to allege that residents' stress brought on by the actions of the Section 23 POA board have caused their deaths.   Doc. 78 at 16-17.   These allegations are wholly irrelevant to any cause of action that Plaintiffs are alleging at the pleading stage and are a

waste of judicial resources to sift through.[5]   This type information must be excluded from any further amendments.

In any future amendments, Plaintiffs must name as Defendants only those persons or entities responsible for the alleged constitutional violations.   If Plaintiff intends to proceed against the named Defendants, he must allege which acts were committed by each Defendants and how each act entitles him to relief.   Plaintiff must state what rights under the Constitution, laws, or treaties of the United States have been violated by which Defendant.   It is improper for Plaintiff to merely list constitutional rights or federal rights and/or statutes.   *See generally Zabriskie*, 2010 WL 3259394, at *2 (declining to accept *pro se* plaintiff's labels and conclusions as factual content sufficient to state a cognizable claim for relief).

If Plaintiffs seek leave to file a fifth amended complaint, they are cautioned that failure to correct these deficiencies, and any other deficiencies not specifically identified in this Order, will result in any requests for leave to amend the complaint to be denied.   *See Burger King Corp.*, 169 F.3d at 1319.   Although Plaintiffs are proceeding *pro se*, and the Court construes their pleadings liberally, they must still

---

[5] For example, Plaintiffs state that Anita Robinson is "suffering many medial maladies from the stress induced by the Board and from lost profits from our garage sales of our belongings brought across state lines from Houston, TX, plus damages to our Mobile Billboard service that we were trying to get started in Houston and Florida, and the emergency road service they were trying to start in Florida also Robinson Police & Military Supplies (RPMS) which was starting back up." Doc. 78 at 12.   It goes on and on.   On page 24, Plaintiffs blame Defendants for his mother having to move from Florida to New Jersey in the middle of winter as "there was a blizzard within two weeks of Mrs. Jane Robinson's arrival in NJ." *Id.* at 24.   Much of this information is repeated throughout, causing the pleading to be unnecessarily lengthy and making it difficult for Defendants to frame a response.

conform to procedural rules and failure to do so could result in this action being dismissed.   *Hope v. Bureau of Prisons*, 476 F. App'x 702, 704-05 (11th Cir. 2012).   **In the event Plaintiffs do not seek leave to amend, the Court will go forward on the operative complaint and the pending motions to dismiss**.   Any motion for leave to amend must be filed in strict accordance with the Local Rules as the Court's previous Order provided and attach a copy of the proposed amended complaint.   Doc. 76.

Although Plaintiffs are proceeding *pro se,* and are not held to the same standards as an attorney, they still must state a plausible claim in compliance with the law and Federal Rules in order to be granted leave to amend their complaint. Plaintiffs are encouraged to visit the "Proceeding Without a Lawyer" section of this Court's website at www.flmd.uscourts.gov.   The website includes tips, frequently asked questions, sample forms, and a "Guide for Proceeding Without a Lawyer." There is also a link that will direct Plaintiffs to an interview process that will help them with producing an amended complaint.   Plaintiff is encouraged to utilize this process in drafting an amended complaint.

### III.   Defendants' Motion for Protective Order and to Quash Subpoena and Extension of Rule 26 Initial Disclosures

Defendants move to quash the subpoena served on Section 23 POA and non-party Carlson & Soforth because Plaintiffs failed to meet and confer with Defendants regarding the subpoena and because generally a party is prohibited from seeking discovery from any source prior to the parties' Rule 26(f) meeting.   Fed. R. Civ. P. 26(d)(1).   The Court agrees.   Federal Rule 26(d)(1) provides:

> A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

The Middle District of Florida Local Rules also provides that a party may not seek discovery from any source before the Rule 26(f) meeting. M.D. Fla. Rule 3.05(c)(2)(B). Therefore, the Motion to Quash is due to be granted.

Defendants further request that the Court extend the time for the Rule 26(f) meeting to take place and time for initial disclosures to be filed on the grounds that many defendants most recently named in the Fourth Amended Complaint (Doc. 50) have yet to be served, and this case is subject to dismissal as set forth in the Motions to Dismiss. Docs. 57, 79, 87. Defendants request an extension until the parties in interest and causes of action are framed in properly filed complaint. Defendants believe that the addition of defendants will necessitate a further case management conference.

Plaintiffs disagree and respond that they have not served the new defendants because they are proceeding *in forma pauperis* and it is the U.S. Marshals responsibility to serve them. Although Plaintiffs have been granted *in forma pauperis* status, it is still their responsibility to obtain and complete summons and Marshal Form 285 from the Clerk of Court for service on any defendants properly added to this case. To the extent that a defendant is not properly served within 120 days, the defendant may be dismissed.[6] Fed. R. Civ. P. 4(m).

---

[6] The Court notes that the amended complaints filed in this case do not contain a certificate of service. The Certificate of Service is a confirmation that Plaintiff has complied with the requirements of Fed. R. Civ. P. 5 by serving on every other party to the action (or its

Federal courts have the broad discretion to stay proceedings as part of their inherent authority to control their docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). The Eleventh Circuit has held that facial challenges to the legal sufficiency of a complaint such as jurisdiction in a dispositive motion to dismiss should be resolved before discovery begins. *Cotton v. Mass. Mutual Life Ins. Co.*, 402 F.3d 1267, 1292 (11th Cir. 2005); *see also Moore v. Potter*, 141 F. App'x 803, 807-08 (11th Cir. 2005) (recognizing the district court's broad discretion to limit discovery until ruling on defendant's motion to dismiss).

Having considered the Motion for Extension and after review of the history of this case, the Court finds good cause to grant the request to the extent that the Court will stay the requirement that the parties engage in a case management conference until the Court determines whether Plaintiffs will be granted leave to amend.

ACCORDINGLY, it is hereby

**ORDERED:**

1.     Defendants' Motion to Strike Plaintiffs' Fifth Amended Complaint and Renewed Request that this Honorable Court Dismiss this Case With Prejudice Pursuant to Local Rule 4.07 and/or 28 U.S.C. § 1915(e) (Doc. 80) is **GRANTED** to the extent that Plaintiffs' Fifth Amended Complaint (Doc. 78) is **STRICKEN**. The Clerk is directed to note on the docket that Doc. 78 is stricken.

---

attorney) a copy of the particular paper filed with the Court. At a minimum, a Certificate of Service must state the date upon which a copy of the particular document was served on the other parties to the action (or their attorneys) and the means by which such service was made (e.g., U.S. Mail, Federal Express, or hand delivery). Failure to include a certificate of service on all future filings will result in the filing being stricken.

2.    Defendants' Motion for Protective Order and Motion to Quash Subpoena Directed to Section 23 Property Owner's Association and Carlson & Soforth (Doc. 85) is **GRANTED**.   The subpoena (Doc. 85-2) is quashed.

3.    Defendants' Motion for Extension of Rule 26 Initial Disclosures (Doc. 87) is **GRANTED** to the extent that the Court will stay the requirement that the parties engage in a case management conference until the Court determines whether Plaintiffs will be granted leave to amend.

4.    Defendants' Motion to Strike Plaintiffs' Response to Defendants' Request for Extension of Rule 26 Initial Disclosures (Doc. 89) is **STRICKEN**.

5.    Plaintiffs shall have up to and including **June 6, 2014** to file a motion for leave to amend the complaint.   **In the event Plaintiffs do not seek leave to amend by this date, the Court will go forward on the operative complaint and the pending motions to dismiss**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 27th day of May, 2014.


CAROL MIRANDO
United States Magistrate Judge


Copies:

Counsel of record
Unrepresented parties