## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

ANITA ROBINSON and ALBERT M.
ROBINSON,

        Plaintiffs,

v.                                                            Case No:  2:12-cv-675-FtM-29CM

SECTION 23 PROPERTY
OWNER'S ASSOCIATION, INC.,
RONALD WOODS, HARVEY
GOLDSTEIN, CYRIL SCHRAGE,
JOSEPH HARRIS, KAREN
PERRY, MS. JANE DOE, VICKY
DOE, EARLE JAY CARLSON,
DAVID K. OAKS, GUY NERONI,
RICHARD DALTON,
CHARLOTTE COUNTY BOARD
OF COMMISSIONERS and
VICTORIA CRAIG,

        Defendants.

---

## REPORT AND RECOMMENDATION[1]

Before the Court is Plaintiffs *pro se* Albert M. Robinson and Anita Robinson's

Motion for Leave to File Current Amended Complaint (Doc. 94, "Motion to Amend")

and Defendants' Joint Response in Opposition (Doc. 97).   Plaintiffs submitted a

proposed amended complaint, which would be their fifth proposed amended

complaint, for the Court's review.   Doc. 94-1.   Defendants have also filed a Motion

to Strike Plaintiffs' Motion for Leave to File Current Amended Complaint and

Defendants' Motion to Dismiss With Prejudice.   Doc. 96 ("Motion to Strike").   No

---

[1] Failure to file written objections to the proposed findings and recommendations contained in this report within **fourteen (14)** days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

response was filed to the Motion to Strike, and the time to do so has expired.   For the reasons stated herein, the Court recommends that the Motions be denied.

I.    Background

Plaintiffs are proceeding *pro se* and *in forma pauperis* in this action.   Docs. 14, 15.   Although Plaintiffs' first complaint was filed a year and a half ago, the case remains at the amendment stage.   Plaintiffs have amended their complaint five times, adding and dropping defendants each time.   Docs. 1, 11, 24, 50, 78.   A review of the docket shows that Plaintiffs' Fourth Amended Complaint (Doc. 50) is the operative complaint, which Defendants have moved to dismiss, arguing in part lack of subject matter jurisdiction and failure to state a claim.   Docs. 53, 57, 79. Plaintiffs' Fourth Amended Complaint alleges claims under the Racketeer Influenced and Corrupt Organizations Act, the Fair Housing Act, for intentional infliction of emotional distress and for violations of the First Amendment.   Plaintiffs' claims stem from alleged actions, including the assessment of fines for violations of deed restrictions, taken by Section 23 Property Owner's Association and its board members, which manage the Deep Creek subdivision where Plaintiffs live in Punta Gorda, Florida.   Doc. 50.

Plaintiffs' first request to proceed *in forma pauperis* was denied in December 2012, and Plaintiffs were informed of several jurisdictional deficiencies in their first Complaint (Doc. 1).   Doc. 4.   In that Order, the Court cautioned Plaintiffs that their claims brought pursuant to 42 U.S.C. § 1983 failed because Plaintiffs did not allege that any of the Defendants were acting under the color of state law nor that any of

the Defendants were state actors.   Doc. 4 at 2.   The Court further noted that diversity jurisdiction did not exist.   *Id.*   The Court informed Plaintiffs that they bear the burden of adequately pleading and ultimately proving jurisdiction.   *Id.* at 4 (citing *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1171 (11th Cir. 2007)).   The Court afforded Plaintiffs 30 days to remedy the deficiencies identified by filing an amended complaint.   *Id.*   The Court cautioned Plaintiffs that failure to file an amended complaint correcting the deficiencies identified could result in the case being dismissed for failure to prosecute.   *Id.* at 5.

Plaintiffs' First Amended Complaint (Doc. 11) removed the counts brought pursuant to 42 U.S.C. § 1983, and Plaintiffs were granted leave to proceed *in forma pauperis*.   Docs. 14, 15.   Although Plaintiffs had been warned that this Court does not have jurisdiction over the Section 1983 claims as pleaded, Plaintiffs added the Section 1983 counts back into their Fourth Amended Complaint (Doc. 50 at 35-40), which currently is the operative pleading.[2]   Motions to Dismiss the Fourth Amended Complaint have been filed and are pending before the Court.   Docs. 53, 57, 79.

On January 15, 2014, this Court struck Plaintiffs' Fifth Amended Complaint (Doc. 59) for failure to comply with Local Rule 4.01, because Plaintiffs incorporated by reference allegations and claims that were contained in the Fourth Amended Complaint.   Doc. 76.   In that Order, the Court provided guidance to the Plaintiffs, informing them that if they would like to file a fifth amended complaint, they must

---

[2] Plaintiffs' request to file their Third Amended Complaint was granted by the Court prior to service on the Defendants.   Docs. 23, 24.

first file a motion for leave to amend, and attach a copy of the fifth amended complaint

as an exhibit.   *Id.* at 2.   The Court further informed Plaintiffs that prior to doing so,

they **must** comply with Local Rule 3.01(g) and make a good faith effort to confer with

opposing parties prior to filing a new motion for leave to amend.   *Id.* (emphasis in

original).   Plaintiffs failed to do so.   Instead, they filed a Fifth Amended Complaint

(Doc. 78) on February 5, 2014, without first seeking leave of Court to do so.

Accordingly, Defendants moved to strike the filing.   Doc. 80.

On May 28, 2014, the Court granted the request to strike for failure to comply

with this Court's January 15, 2014 Order.[3]   Doc. 93.   For Plaintiffs' benefit, in that

Order the Court noted that the proposed Fifth Amended Complaint suffered from

some of the same deficiencies previously identified by the Court, and additional

deficiencies, and outlined those deficiencies.   *Id.*   The Court granted Plaintiffs a

short period of time to file a motion for leave to file an amended complaint to correct

those deficiencies.   The Court cautioned Plaintiffs that if further amendment is

sought, failure to correct the deficiencies would result in the request for leave to

amend to be denied.   *Id.* at 10.

Plaintiffs seek leave to amend and have submitted a new proposed Fifth

Amended Complaint.   Doc. 94-1.   Even construing Plaintiffs' complaint liberally,

---

[3] Defendants again move to strike the instant request for leave to amend because it failed to comply with this Court's previous Order and further restate their position that this case is subject to dismissal as set forth in the Motions to Dismiss.   Docs. 53, 57, 79.   While the Court agrees that Plaintiffs' request for leave to amend and proposed amended complaint failed to comply with this Court's previous Orders, the Court finds that given the posture of the case, ruling on the merits of the request to amend is proper.   Therefore, the Motion to Strike (Doc. 96) will be denied.

Plaintiffs have failed to correct the deficiencies identified by the Court and set forth any cognizable claims.   Therefore, amendment would be futile, and the Court recommends that the Motion to Amend be denied and the case proceed on Plaintiffs' Fourth Amended Complaint.   Doc. 50.

## II.   Analysis

Rule 15 of the Federal Rules of Civil Procedure provides that for amendments not filed as a matter of course, as in the instant case, "a party may amend its pleading only with the opposing party's written consent or the court's leave.   The court should freely give leave when justice so requires."   Fed. R. Civ. P. 15(a)(2).   Although leave to amend shall be freely given when justice so requires, a motion to amend may be denied on numerous grounds such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."   *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Maynard v. Bd. of Regents of the Div. of Univs. of the Fla. Dep't of Educ. ex rel. Univ. of S. Fla.*, 342 F.3d 1281, 1287 (11th Cir. 2003); *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999) (quoting *Foman*, 371 U.S. at 182).   If a proposed amendment would not survive a motion to dismiss, the motion to amend will be denied as futile.   *Coventry First, LLC v. McCarty*, 605 F.3d 865, 869 (11th Cir. 2010).   A complaint will be dismissed if it fails to state a claim upon which relief may be granted.   Fed. R. Civ. P. 12(b)(6).

When considering whether to grant a motion to dismiss for failure to state a claim upon which relief may be granted, the facts alleged in the complaint must be accepted as true, and they must be viewed in the light most favorable to the plaintiff. *Behrens v. Regier*, 422 F.3d 1255, 1256-57 (11th Cir. 2005) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.* (quotations and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683-84 (11th Cir. 2001) (internal quotation and citation omitted).

Although Plaintiffs are proceeding *pro se*, and the Court construes their pleadings liberally, they must still conform to procedural rules, particularly when they have been cautioned before. *Hope v. Bureau of Prisons*, 476 F. App'x 702, 704-05 (11th Cir. 2012). *Pro se* litigants are "still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading." *Washington v. Dept. of Children and Families*, 256 F. App'x 326, 327 (11th Cir. 2007). Accordingly, *pro se* litigants still are expected to satisfy certain pleading criteria. *See Zabriskie v. City of Orlando*, No. 6:10-cv-1090-Orl-22DAB, 2010 WL 3259394, at *1 (M.D. Fla. July 27, 2010).

Plaintiffs' proposed fifth amended complaint drops the following defendants: Section 23 Property Owner's Association, Jane Doe, Vicky Doe, Guy Neroni, Richard Dalton and Charlotte County Board of Commissioners.   Doc. 94-1.   It alleges violations of the Federal Fair Housing Act ("FHA"), 42 U.S.C. § 1983 and 42 U.S.C. § 1982, and state law claims for defamation, battery and intentional infliction of emotional distress.   *Id.*

Essentially, Plaintiffs allege that each remaining Defendant has intentionally discriminated against Plaintiffs based on their race by the Defendants' selective enforcement of the deed restrictions contained in the home owners' association ("HOA") rules of the Deep Creek subdivision.   Plaintiffs allege that an injunction has been entered against them that denies them the enjoyment of their property.   They further allege that state court Judge Joseph G. Foster and the Twentieth Judicial Circuit of Florida are involved in the scheme.   In asserting their claims, Plaintiffs cite statutes designed to bar racial discrimination in the sale or rental of property, 42 U.S.C. § 1982; to bar deprivation of constitutional rights by persons acting under color of state law, 42 U.S.C. § 1983; and to protect buyers and renters from discrimination, 42 U.S.C. § 3601 *et seq.* (FHA).

> a.   *Section 1983*

The Court previously has warned Plaintiffs that it does not have jurisdiction over the Section 1983 claims because Defendants are not acting under the color of state law, nor are they state actors.   *See* Docs. 4 at 2; 93 at 7.   In order to establish a *prima facie* case under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1)

the action occurred "under color of law" and (2) the action is a deprivation of a constitutional or a federal statutory right. *West v. Akins*, 487 U.S. 42, 48 (1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "The dispositive issue is whether the official was acting pursuant to the power he/she possessed by state authority or acting only as a private individual." *Edwards v. Wallace Community College*, 49 F.3d 1517, 1523 (11th Cir. 1995) (citing *Monroe v. Pape*, 365 U.S. 167, 183-84 (1961) (overruled on other grounds by *Monell v. Dept. of Social Servs.*, 436 U.S. 658 (1978))).

Although private individuals and entities may be held liable under Section 1983, such persons must be jointly engaged with state officials in the prohibited conduct to constitute acting under color of state law for purposes of the statute. *Adickes v. Kress & Co.*, 398 U.S. 144, 152 (1970). To hold that private parties are acting under color of state law pursuant to 42 U.S.C. § 1983, a plaintiff must prove one of the following three conditions: (1) the state has coerced or significantly encouraged the parties to violate the Constitution; (2) the private parties performed a public function that was traditionally the exclusive province of the state; or (3) the state had so far insinuated itself into a position of interdependence with the private parties that it was joint participant in the enterprise. *Rayburn, ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001).

Here, Defendants are not state actors, and Plaintiffs' proposed fifth amended complaint is devoid of any allegations that any of the Defendants acted in concert with or jointly with state actors such that they could be considered to be acting under color of state law. Further, Plaintiffs have provide no support whatsoever that any

Defendants took actions that violated federal law or Plaintiffs' constitutional rights. Given the foregoing, Plaintiffs' amended complaint fails to state a claim upon which relief may be granted and, accordingly, leave to amend would be futile.   Amendment should also be denied because of Plaintiffs' repeated failure to cure deficiencies by amendments previously allowed.   *Foman*, 371 U.S. at 182.

> b.    *Section 1982*

Plaintiffs allege that Defendants have violated 42 U.S.C. § 1982 by discriminating against them based on their race, thereby depriving them of the "enjoyment" of their property.   To state a claim under Section 1982, Plaintiffs are "required to demonstrate that [they were] deprived of [their] property interest because of an intentional act based on racial animus."   *Humphrey v. United Parcel Serv.*, 200 F. App'x 950, 952 (11th Cir. 2006) (citing *Jackson v. Okaloosa Cnty., Fla.*, 21 F.3d 1531, 1543 (11th Cir. 1994)).   Plaintiffs generally allege that the injunction issued against them was defective and "we cannot use our home or vehicles in the same manner as the Defendants or any of the other white residents of Deep Creek" and "[w]e also are denied use of our use of the lanai because Defendant Oaks claims that having anything out on the lanai is a violation even though others do" and that this interference was based on their race.   Doc. 94-1 at ¶ 6.   Again, however, Plaintiffs' proposed fifth amended complaint provides no factual support whatsoever for this claim, failing to allege Plaintiffs' race or that any restrictions were imposed on them because of their race.   Plaintiffs' conclusory allegations will not do and absent any facts to support their claim that the Defendants engaged in intentional

discrimination, Plaintiffs have failed to make out a viable claim under Section 1982. Accordingly, the undersigned recommends that amendment to add a claim under 42 U.S.C. § 1982 would be futile.

c.     *The Fair Housing Act*

Plaintiffs bring a claim under the FHA to seek redress for injuries allegedly caused by Defendants' harassment, threats, malicious prosecution, physical violence and use of the judicial system to "take" their home from them.   Doc. 94-1 at 5 ¶ 1. The FHA makes it unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin."     42 U.S.C. § 3604(b).   In order to prevail on a claim under the FHA, a plaintiff must demonstrate "unequal treatment on the basis of race that affects the availability of housing."   *Jackson*, 21 F.3d at 1542.   A plaintiff can establish a violation under the FHA by proving (1) intentional discrimination, (2) discriminatory impact, or (3) a refusal to make a reasonable accommodation.   *See e.g., Schwarz v. City of Treasure Island*, 544 F.3d 1201 (11th Cir. 2008).

Here, Plaintiffs are attempting to allege a discrimination claim but have not alleged any facts regarding their race or facts to support their claim that the HOA's policies and practices constitute a "discriminatory housing practice."   Plaintiffs have merely stated that an injunction was entered against them for parking a commercial vehicle and utility trailer with cargo in the grass overnight and for parking an

inoperable vehicle in the subdivision.   Doc. 94-1 at 5 ¶ 1.   Plaintiffs' conclusory allegations do not suffice.

Further, to the extent that Plaintiffs seek this Court's review of the injunction entered in the state court, under the *Rooker-Feldman* doctrine, this Court has no subject matter jurisdiction to entertain such a claim.   *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).   The *Rooker-Feldman* doctrine "places limits on the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation." *Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001).   The doctrine applies only in "limited circumstances," not present here, such as where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court.   *See Lance v. Dennis*, 546 U.S. 459, 466 (2006) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005)).

> d.   *Defamation, battery and intentional infliction of emotional distress claims*

Insofar as Plaintiffs assert tort claims against the Defendants, they have failed to demonstrate that the court has subject-matter jurisdiction over the state law claims, and thus there appears to be no basis for exercising supplemental jurisdiction. *See* 28 U.S.C. §§ 1331, 1332(a)(1).   Further, although Plaintiffs previously were cautioned that any further amendments should exclude scandalous information, the proposed fifth amended complaint contains numerous accusations and allegations, including aggravated perjury, harassment, extortion, assault on Plaintiffs' children, and even going so far as to allege that Defendant Goldstein is stalking Plaintiff Albert

Robinson's wife and intends "to get me riled up so that he could murder me and claim self-defense." Doc. 94-1 at ¶ 5. The same types of allegations were included in Plaintiffs' previous complaint (Doc. 78 at 16-17), and the Court informed Plaintiffs that these allegations are wholly irrelevant to any cause of action that Plaintiffs are alleging at the pleading stage. The Court cautioned Plaintiffs that this type information must be excluded from any further amendments. Doc. 93 at 9-10. Accordingly, the Court recommends that amendment of these claims be denied for lack of subject matter jurisdiction and Plaintiffs' repeated failure to cure deficiencies by amendments previously allowed.

## III. Conclusion

Accordingly, for the reasons stated in this Report and Recommendation, it is hereby respectfully **RECOMMENDED** that Plaintiffs' Motion for Leave to Amend Complaint (Doc. 94) and Defendants' Motion to Strike Plaintiffs' Motion for Leave to File Current Amended Complaint and Defendants' Motion to Dismiss With Prejudice (Doc. 96) be **DENIED** and this case proceed on Plaintiffs' Fourth Amended Petition (Doc. 50).

**DONE** and **ENTERED** in Fort Myers, Florida on this 8th day of August, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Honorable John E. Steele
Counsel of record
Unrepresented parties