UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANITA ROBINSON and ALBERT M.
ROBINSON,

       Plaintiffs,

v.                                    Case No: 2:12-cv-675-FtM-29CM

SECTION 23 PROPERTY OWNER'S
ASSOCIATION, INC., RONALD
WOODS, HARVEY GOLDSTEIN,
CYRIL SCHRAGE, JOSEPH
HARRIS, KAREN PERRY, MS.
JANE DOE, VICKY DOE, EARLE
JAY CARLSON, DAVID K. OAKS,
GUY NERONI, RICHARD DALTON,
CHARLOTTE COUNTY BOARD OF
COMMISSIONERS, and VICTORIA
CRAIG,

       Defendants.

---

## OPINION AND ORDER

This matter is before the Court on consideration of Magistrate Judge Carol Mirando's Report and Recommendation (Doc. #99), filed on August 8, 2014. The Magistrate Judge recommends (1) that Plaintiffs' Motion for Leave to Amend Complaint (Doc. #94) be denied; (2) that Defendants' Motion to Strike Motion for Leave to File Current Amended Complaint and Defendants' Motion to Dismiss With Prejudice (Doc. #96) be denied; and (3) that this case proceed on Plaintiffs' Fourth Amended Complaint (Doc. #50). Plaintiffs filed a Response and Objection (Doc. #100) on August 22, 2014.

Also before the Court are Defendants' Motions to Dismiss the Fourth Amended Complaint (Docs. ##53, 57, 79) filed on September 30, 2013, October 3, 2013, and February 10, 2014 respectively. Plaintiffs filed a Response (Doc. #82) on February 18, 2014.  For the reasons set forth below, the Magistrate Judge's Report and Recommendation is accepted and adopted, Defendants' motions to dismiss the Fourth Amended Complaint are granted, and the case is dismissed with prejudice.

## I.

Plaintiffs Albert and Anita Robinson (Plaintiffs or Robinsons) are proceeding *pro se* and *in forma pauperis* in this action. (Docs. ##14, 15.)  Plaintiffs' Fourth Amended Complaint (Doc. #50) is the operative pleading.  Plaintiffs' claims stem from actions taken by the Section 23 Property Owner's Association and its board members (Section 23 or Defendants[1]), which manage the subdivision known as Deep Creek, where Plaintiffs live in Punta Gorda, Florida.  (Id.)  According to Plaintiffs, Section 23 has imposed fines and obtained an injunction against Plaintiffs in an effort to enforce two deed restrictions.  (Id.)  The first prohibits Plaintiffs from parking their pickup truck on the grass or on the street in front of their residence.  (Id.)  The second

---

[1] Defendant David K. Oaks (Oaks) serves as counsel for Section 23, and the Fourth Amended Complaint's allegations against him concern actions taken in that role.  Accordingly, the Court's collective reference to "Defendants" or "Section 23" includes Oaks.

requires Plaintiffs to ensure that their garbage cans are not visible from the street. (Id.)  According to Plaintiffs, Defendants' enforcement of the deed restrictions constitutes unlawful discrimination and is part of a scheme to force Plaintiffs to abandon their property. (Id.)  Accordingly, Plaintiffs bring claims against Section 23 for intentional infliction of emotional distress and for violations of the Fair Housing Act (FHA), the Racketeering Influenced Corrupt Organization Act (RICO), and Plaintiffs' constitutional rights under the First and Fourteenth Amendments. (Id.)

From the inception of this case in 2012, the Court has repeatedly informed Plaintiffs about the persistent procedural and substantive deficiencies in their frequently-amended complaints. Most recently, in an Order (Doc. #93) granting Defendants' Motion to Strike Plaintiffs' Fifth Amended Complaint (Doc. #80),[2] the Magistrate Judge once again outlined the shortcomings in Plaintiffs' pleadings. (Doc. #93, pp. 9-11.)  Ultimately, the Magistrate Judge granted Plaintiffs one final opportunity to remedy those deficiencies by filing a "new" proposed fifth amended complaint, but explicitly warned Plaintiffs that failure to correct the errors could result in dismissal. (Id.)  Pursuant to that Order, Plaintiffs filed a Motion for Leave to Amend Complaint

---

[2] The motion was granted because Plaintiffs failed to seek leave from the Court prior to filing.

(Doc. #94) which attached the newly-proposed fifth amended complaint (Doc. #94-1) as an exhibit. However, as set forth in the Magistrate Judge's Report and Recommendation (Doc. #99), Plaintiffs' proposed fifth amended complaint failed to correct any of these deficiencies and, therefore, amendment would be futile. Accordingly, the Magistrate Judge recommended that Plaintiffs' pending Motion for Leave to Amend Complaint (Doc. #94) be denied and that the case proceed with Plaintiffs' Fourth Amended Complaint (Doc. #50) as the operative pleading.

## II.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Powell, 628 F.3d 1254, 1256 (11th Cir. 2010). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). See also United States v. Farias-Gonzalez, 556 F.3d 1181, 1184 n.1 (11th Cir. 2009). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. 1609, 94th Cong., § 2 (1976)). The district judge reviews legal conclusions *de novo*, even in the absence of an objection.

See <u>Cooper-Houston v. Southern Ry. Co.</u>, 37 F.3d 603, 604 (11th Cir. 1994).

### III.

Plaintiffs do not directly object to any of the Magistrate Judge's findings. Although Plaintiffs acknowledge the procedural and substantive defects cited by the Magistrate Judge in determining that further amendment would be futile, they do not contend that the Magistrate Judge arrived at her determinations in error. Instead, Plaintiffs attempt to remedy those defects by re-pleading their causes of action. For example, the Magistrate Judge concluded that Defendants are not state actors and, therefore, Plaintiffs cannot maintain their claims under 42 U.S.C. § 1983. In response, Plaintiffs do not argue that their proposed fifth amended complaint adequately alleged state action. Indeed, Plaintiffs' Objection does not reference the proposed fifth amended complaint at all. Instead, Plaintiffs present new allegations which they allege demonstrate state action. (Doc. #100, pp. 6-14.) Accordingly, Plaintiffs' Objection is, in actuality, yet another attempt to amend their complaint without the Court's permission.

Moreover, as with all of Plaintiffs' prior complaints, the Objection is replete with rambling, repetitive, and irrelevant allegations that make it difficult to determine which (if any) of the Magistrate Judge's recommendations Plaintiffs seek to

challenge.    Thus,  it  is  not  readily  apparent  that  Plaintiffs object  to  any  of  the  Magistrate  Judge's  recommendations,  other than  Plaintiffs'  general  contention  that  their  causes  of  action are  adequately  pled.    Nevertheless,  to  the  extent  that  Plaintiffs have  objected  to  the  Report  and  Recommendation's  conclusion  that the  proposed  fifth  amended  complaint  does  not  state  any  causes  of action  arising  under  federal  law,  those  objections  are  overruled.

In  addressing  Plaintiffs'  objections,  the  Court  has  made  a careful  and  complete  review  of  the  findings  and  recommendations, as  well  as  the  record  in  this  case.    As  set  forth  in  detail  below, despite  multiple  opportunities  to  amend  and  substantial  guidance from  the  Court,  Plaintiffs  have  not  adequately  pled  any  causes  of action  arising  under  federal  law.    Accordingly,  the  Court  agrees with  the  Magistrate  Judge  that  further  amendment  is  futile  and, therefore,  Plaintiffs'  Motion  for  Leave  to  Amend  Complaint  (Doc. #94)  should  be  denied.    Hall v. United Ins. Co. of Am., 367 F.3d 1255,  1263  (11th Cir. 2004)  ("This  court  has  found  that  denial  of leave  to  amend  is  justified  by  futility  when  the  complaint  as amended  is  still  subject  to  dismissal.")    Therefore,  the  Court accepts  and  adopts  the  Report  and  Recommendation  of  the  Magistrate Judge  and  overrules  the  objections  presented  by  Plaintiffs.    As  a result,  Plaintiffs'  Motion  for  Leave  to  Amend  Complaint  (Doc. #94) is  denied.[3]

---

[3] Defendants' Motion to Dismiss with Prejudice (Doc. #96) is also

Accordingly, the operative pleading in this case is Plaintiffs' Fourth Amended Complaint (Doc. #50), which Defendants have moved to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted (Docs. ##53, 57, 79). The Court will now address the pending motions to dismiss.

## IV.

Plaintiffs are proceeding *pro se* and, therefore, the Court must construe their pleadings liberally. Hope v. Bureau of Prisons, 476 F. App'x 702, 704-05 (11th Cir. 2012). Nevertheless, *pro se* litigants are "still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading." Washington v. Dept. of Children and Families, 256 F. App'x 326, 327 (11th Cir. 2007). Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive

---

denied. Though Defendants are correct that Plaintiffs' failure to abide by the Court's orders may constitute independent grounds for dismissal, given that Plaintiffs are proceeding *pro se*, the Court will instead evaluate the Fourth Amended Complaint to determine whether Plaintiffs' have adequately pled any claims against Defendants.

dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

**V.**

As explained above, the Fourth Amended Complaint brings claims against Section 23 for intentional infliction of emotional distress and for violations of RICO, the FHA, and Plaintiffs' constitutional rights under the First and Fourteenth Amendments. (Doc. #50.)  In their motions to dismiss, Defendants argue that the Fourth Amended Complaint must be dismissed because (1) its haphazard construction does not articulate claims with sufficient clarity to allow Defendants to formulate a response; and (2) Plaintiffs fail to allege facts entitling them to relief.  (Docs. ##53, 57, 79.)  In response, Plaintiffs do not directly address any of Defendants' arguments, but do assert in a general fashion that each count in the Fourth Amended Complaint is adequately pled. (Doc. #82.)

**A.  Dismissal As A Shotgun Pleading**

As an initial matter, the Fourth Amended Complaint is subject to dismissal because it is a "shotgun pleading."  The failure to articulate claims with sufficient clarity to enable defendants to properly frame a response constitutes a "shotgun pleading."  <u>Davis v. Coca-Cola Bottling Co. Consol.</u>, 516 F.3d 955, 980 (11th Cir. 2008).  "This type of pleading completely disregards Rule 10(b)'s requirement that discrete claims should be plead in separate counts," <u>Magluta v. Samples</u>, 256 F.3d 1282, 1284 (11th Cir. 2001), and "impede[s] the orderly, efficient, and economic disposition of

disputes," <u>Ebrahimi v. City of Huntsville Bd. of Educ.</u>, 114 F.3d 162, 165 (11th Cir. 1997).  Accordingly, the Eleventh Circuit has established that when faced with a shotgun pleading, a district court should require the parties to file an amended pleading rather than allow such a case to proceed to trial.  <u>Byrne v. Nezhat</u>, 261 F.3d 1075, 1130 (11th Cir. 2001); <u>Paylor v. Hartford Fire Ins. Co.</u>, 748 F.3d 1117, 1126-28 (11th Cir. 2014).

Here, the Fourth Amended Complaint is a quintessential shotgun pleading.  It begins with a host of allegations seemingly aimed at stating causes of action under RICO and the FHA.  (Doc. #50, ¶¶ 14-65.)  However, these claims are not separated into individual counts and Plaintiffs to not specify which Defendants are implicated in these claims.  (<u>Id.</u>)  Additionally, interspersed within Plaintiffs' RICO and FHA allegations is a request for a preliminary injunction prohibiting Defendants from enforcing the deed restrictions.  (<u>Id.</u> at ¶¶ 41-61.)  However, Plaintiffs do not connect their request for injunctive relief to any particular count or claim.

Next, the Fourth Amended Complaint asserts a claim for intentional infliction of emotional distress, which is not identified as a separate count and appears to be alleged against all Defendants collectively.  (<u>Id.</u> at ¶¶ 66-73.)  Following those allegations, the Fourth Amended Complaint identifies two separate claims for violations of Plaintiffs' rights under the First and

Fourteenth Amendments.   (Id. at ¶¶ 74-78.)   However, as the factual basis for these counts, Plaintiffs incorporate by reference the preceding 34 pages of allegations, most (if not all) of which are wholly unrelated to a civil rights claim.   (Id. at ¶ 74.)   The sum result of these shortcomings "is that each [claim] is replete with factual allegations that could not possibly be material to that specific [claim], and that any allegations that are material are buried beneath innumerable pages of rambling irrelevancies."   Magluta, 256 F.3d at 1284.   Such a pleading cannot possibly pass muster under Rule 8 and Rule 10 and, therefore, must be dismissed.   Id.

Indeed, in the past, the Court has done exactly that, while admonishing Plaintiffs that they must redraft their complaint to (1) remove the extraneous, inflammatory, and irrelevant allegations; (2) more clearly set forth which claims they seek to bring; and (3) specify which Defendants and which conduct are implicated in each claim.   (See Docs. ##4, 10, 76, 93.)   However, Plaintiffs have repeatedly refused to heed the Court's instructions.   Accordingly, the proper remedy at this juncture is to dismiss the Fourth Amended Complaint with prejudice.   See Byrne v. Nezhat, 261 F.3d 1075, 1132-33 (11th Cir. 2001), abrogated on other grounds by Douglas Asphalt Co. v. QORE, Inc., 657 F.3d 1146 (11th Cir. 2011).   Nevertheless, even if the Court were to ignore these deficiencies, as set forth below, the Fourth Amended

Complaint would still warrant dismissal because Plaintiffs have not alleged facts that would entitle them to relief under any of their claims arising under federal law.

**B.   Dismissal For Failure To State A Claim**

**1. Plaintiffs' RICO Claims**

In order to state a civil RICO cause of action, a plaintiff "must satisfy four elements of proof: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Williams v. Mohawk Indus., Inc., 465 F.3d 1277, 1282 (11th Cir. 2006).   The third and fourth elements—a pattern of racketeering activity—require a showing that the alleged racketeer has committed at least two distinct but related predicate acts.   Id. at 1284.   The first two elements—conduct of an enterprise—require a showing that there existed "an association of individual entities, however loose or informal, that furnishes a vehicle for the commission of" the alleged predicate acts.   Id. at 1284.   In the Fourth Amended Complaint, Plaintiffs' allege that Section 23 was an enterprise engaged in mail fraud and violations of the Hobbs Act.   (Doc. #50, ¶31.)   However, Plaintiffs conclusory allegations are insufficient to allege predicate acts under either theory.

The Eleventh Circuit has outlined a plaintiff's burden when alleging a RICO violation predicated on mail fraud:

> RICO allegations based on predicate acts of mail fraud must comply not only with the plausibility criteria articulated in Twombly and Iqbal but also with Fed. R. Civ. P. 9(b)'s heightened pleading standard, which

requires that in alleging fraud or mistake, a party must
state with particularity the circumstances constituting
fraud or mistake.  Accordingly, a plaintiff must allege,
as to each defendant, (1) the precise statements,
documents, or misrepresentations made; (2) the time,
place, and person responsible for the statement; (3) the
content and manner in which these statements misled the
Plaintiffs; and (4) what the defendants gained by the
alleged fraud.  In a case involving multiple defendants,
the complaint must not lump together all of the
defendants, as the complaint should inform each
defendant of the nature of his alleged participation in
the fraud.

Kivisto v. Miller, Canfield, Paddock & Stone, PLC, 413 F. App'x

136, 139 (11th Cir. 2011) (quotations and citations omitted).

Plaintiffs have not met this burden.  In support of their mail

fraud allegation, Plaintiffs allege only that Defendants committed

fraud by imposing fines and filing suit to enforce deed

restrictions and, once successful, seeking an award of "an

abnormally high amount for attorneys fees." (Doc. #50, ¶¶ 31-33.)

These allegations do not satisfy the requirements set out in

Kivisto.  Defendants have not alleged any specific

misrepresentations or omissions nor have they alleged how anyone

was misled by Defendants' purported fraud.  Additionally,

Plaintiffs impermissibly "lump together all of the defendants"

without specifying each's role in the alleged fraud.  In addition

to the lack of specificity, Plaintiffs' fraud allegations also

fail because actions taken to enforce deed restrictions or

homeowners association rules and policies, even if enforced

selectively, do not constitute fraud.  See Durso v. Summer Brook

Pres. Homeowners Ass'n, 641 F. Supp. 2d 1256, 1267 (M.D. Fla. 2008).  Accordingly, Plaintiffs' assertions of mail fraud cannot serve as the predicate acts underlying their RICO claim.

Likewise, Plaintiffs have failed to allege violations of the Hobbs Act, 18 U.S.C. § 1951, "which bars interference in interstate commerce by means of extortion." Raney v. Allstate Ins. Co., 370 F.3d 1086, 1088 (11th Cir. 2004).  Although the Fourth Amended Complaint is not clear, it appears that the alleged Hobbs Act violations are premised upon the same conduct underlying Plaintiffs' mail fraud allegations.  However neither litigation nor the threat of litigation are "wrongful" within the meaning of the Hobbs Act and, therefore, cannot be a predicate act under RICO. Id.  This is true even if the evidence underlying the lawsuit is fabricated.   Id.   Accordingly, Plaintiffs' assertions that Defendants violated the Hobbs Act also cannot serve as the predicate acts necessary to plead a RICO claim.  Thus, Plaintiffs have not adequately pled any predicate acts and, therefore, Plaintiffs' RICO claim is dismissed.

## 2. Plaintiffs' FHA Claims[4]

The FHA makes it unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental

---

[4] Plaintiffs' FHA claims appear to be an attempt to circumvent the Court's prior order in a related case.  As explained above, the parties are engaged in an ongoing state court proceeding concerning the Robinsons' alleged violation of certain deed restrictions. The Robinsons raised FHA violations as a defense in that proceeding

of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b). In order to prevail on a claim under Section 3604, a plaintiff must demonstrate "unequal treatment on the basis of race that affects the availability of housing." Jackson v. Okaloosa Cnty., Fla., 21 F.3d 1531, 1542 (11th Cir. 1994). The FHA also makes it unlawful "to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed" any right granted or protected under the FHA. 42 U.S.C. § 3617. In order to prevail on a Section 3617 claim, a plaintiff must demonstrate conduct rising to the level of intimidation or threats done with discriminatory motive. Wood v. Briarwinds Condo. Ass'n Bd. of Directors, 369 F. App'x 1, 3 (11th Cir. 2010).

---

and sought removal to federal court on that basis. The Court remanded the case, holding that it did not have subject matter jurisdiction because the Robinsons' FHA defenses did not implicate a significant federal issue. Section 23 Prop. Owners Ass'n, Inc. v. Robinson, No. 13-CV-176, 2013 WL 1434935, at *2 (M.D. Fla. Mar. 20, 2013), report and recommendation adopted, 2013 WL 1435038 (M.D. Fla. Apr. 9, 2013). According to Defendants, this case is Plaintiffs' attempt to circumvent that order and litigate the FHA claims in federal court. Plaintiffs have not responded to this allegation. While the claims do appear to be extremely similar, given the vagueness with which they are pled, it is unclear if they are indeed the same FHA claims raised in defense of the state court action. Accordingly, the Court will not dismiss them on that basis.

The Fourth Amended Complaint does not specify which provisions of the FHA are at issue.  Once again giving Plaintiffs the benefit of the doubt, the Court will assume that Plaintiffs bring claims under both Section 3604 and Section 3617.  However, Plaintiffs have not alleged facts which, if proven, would entitle them to recovery under either section.

Plaintiffs allege that Section 23 has violated the FHA because they have sought to enforce deed restrictions that prevent Plaintiffs from parking their pickup truck on the grass or on the street in front of their residence.  (Doc. #50, ¶ 35.)  According to Plaintiffs, Section 23's decision to enforce this restriction is discriminatory because Section 23 "continue[s] to disregard all of the other Caucasian residents with trucks" who also violate the deed restriction.  (Id.)  Although Plaintiffs have alleged unequal treatment on the basis of race, Plaintiffs concede that they continue to live in the Deep Creek residence.  (Doc. #50, ¶ 4.)  Accordingly, Plaintiffs have not alleged that Section 23's alleged discrimination affects the availability of housing as required by Jackson.  See also Adamson v. Shaddock Estates Homeowners Ass'n, Inc., No. 08-CV-354, 2008 WL 10590598, at *3 (M.D. Fla. June 13, 2008) (collecting cases holding that Section 3604 "only prohibit[s] discriminatory conduct that directly impacts a person's ability to locate in an area or to secure housing").  Therefore, Plaintiffs' Section 3604 claim is dismissed for failure

to state a claim upon which relief can be granted.  Plaintiffs'
Section 3617 claim is also dismissed because the enforcement of
deed restrictions does not constitute the threats or intimidation
necessary to maintain the cause of action.  See Wood, 369 F. App'x
at 3 (enforcing community rules by assessing fines and towing
plaintiff's car "does not rise to the level of intimidation or
threats" necessary to support a cause of action under 42 U.S.C. §
3617).

### 3. Plaintiffs' Civil Rights Claims

### (a) Section 1983

Plaintiffs allege that Defendants' enforcement of deed
restrictions deprives Plaintiffs of their rights under the First
and Fourteenth Amendments in violation of 42 U.S.C. § 1983.  To
prevail on a Section 1983 claim, "a plaintiff must establish that
a person acting under color of state law deprived him of a right
secured by the Constitution."  Lloyd v. Card, 283 F. App'x 696,
699 (11th Cir. 2008).  Defendants are private parties and, as
such, are considered state actors only if:

> (1) the State has coerced or at least significantly
> encouraged the action alleged to violate the
> Constitution . . .; (2) the private parties performed a
> public function that was traditionally the exclusive
> prerogative of the State . . .; or (3) the State had so
> far insinuated itself into a position of interdependence
> with the private parties that it was a joint participant
> in the enterprise . . . .

Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir.
2001) (quotation omitted).

- 17 -

Here, the Fourth Amended Complaint does not contain any allegations that Defendants were coerced or encouraged by the state, performed a traditionally public function, or were joint participants with the state. Accordingly, Defendants were not state actors and cannot be held liable under Section 1983. Moreover, even if Plaintiffs could demonstrate state action, their general complaints concerning Defendants' supposed ulterior motives for enforcing the deed restrictions are insufficient to allege a claim that Defendants violated Plaintiffs' constitutional rights. Accordingly, Plaintiffs Section 1983 claim is dismissed.

**(b)  Section 1982**

In connection with their civil rights claims, Plaintiffs make a passing reference to 42 U.S.C. § 1982, which provides that all citizens are entitled to equal property rights, regardless of race. Plaintiffs do not appear to allege a violation of Section 1982. However, to the extent they do intend to bring such a claim, it is dismissed. Although the Fourth Amended Complaint contains conclusory allegations that Defendants were discriminatory, Plaintiffs do not allege facts sufficient to prove that Defendants' enforcement of deed restrictions was an intentional act based on racial animus that deprived Plaintiffs of a property interest. See Humphrey v. United Parcel Serv., 200 F. App'x 950, 952 (11th Cir. 2006). Indeed, Plaintiffs concede that the residence at issue is owned by their mother. (Doc. #100, pp. 7, 14, 17.) Thus

even if Plaintiffs could prove intentional acts based on racial animus, such actions did not deprive them of any property interest. Accordingly, to the extent Plaintiffs assert a claim under Section 1982, it is dismissed.

### 4. Plaintiffs' Intentional Infliction Of Emotional Distress Claim

Plaintiffs' remaining cause of action is for the common law tort of intentional infliction of emotional distress. Plaintiffs have not alleged diversity of citizenship, and it appears that all parties are citizens of the state of Florida. Therefore, the Court had original jurisdiction over Plaintiffs' RICO, FHA, and civil rights claims pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a). As set forth above, each of Plaintiffs' federal law claims is dismissed. Accordingly, there is no independent basis for jurisdiction over Plaintiffs' claim for intentional infliction of emotional distress and the Court declines to retain jurisdiction pursuant to 28 U.S.C. § 1367(c)(3).

### C. Plaintiffs' Proposed Fifth Amended Complaint

In the interest of completeness, the Court notes that even if Plaintiffs were permitted to file their proposed fifth amended complaint, it would not affect the disposition of Plaintiffs' case. As noted by the Magistrate Judge, Plaintiffs' proposed fifth amended complaint failed to correct any of the procedural and

substantive shortcomings noted in the Court's previous orders and cannot survive a motion to dismiss. (Doc. #99, pp. 4-5.)

The proposed fifth amended complaint alleges violations of the FHA, Section 1983, and Section 1982, as well as state law claims for defamation, battery, and intentional infliction of emotional distress. (Doc. #94-1.) However, for the reasons set forth by the Magistrate Judge, despite applying the broad rules of construction afforded to *pro se* litigants, none of Plaintiffs' claims arising under federal law are adequately pled. (Doc. #99-1, pp. 5-12.) Thus, even if the proposed fifth amended complaint adequately pleads certain state-law torts, there is no basis for the Court to exercise supplemental jurisdiction over such claims. Accordingly, no matter which of Plaintiffs' myriad proposed complaints is deemed operative, Plaintiffs' case must be dismissed.

Accordingly, it is now

**ORDERED:**

1.    Plaintiffs' Objection (Doc. #100) is **OVERRULED** and the Report and Recommendation (Doc. #99) is hereby **ACCEPTED and ADOPTED** and its findings incorporated herein.

2.    Plaintiffs' Motion for Leave to Amend Complaint (Doc. #94) is **DENIED**.

3.    Defendants' Motion to Strike Motion for Leave to File Current Amended Complaint and Defendants' Motion to Dismiss with Prejudice (Doc. #96) is **DENIED**.

4.    Defendants' Motion for Entitlement to Attorneys' Fees (Doc. #103) is **DENIED**.

5.    Defendants' Motions to Dismiss the Fourth Amended Complaint (Docs. ##53, 57, 79) are **GRANTED** and Plaintiffs' Fourth Amended Complaint is **DISMISSED with PREJUDICE.**

6.    The Clerk shall enter judgment accordingly, terminate all pending motions and deadlines as moot, and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this   2nd   day of September, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE


Copies: All Parties of Record