```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                 FORT MYERS DIVISION
```

ANITA ROBINSON and ALBERT M.
ROBINSON,

      Plaintiffs,

v.                                      Case No: 2:12-cv-675-FtM-29CM

SECTION 23 PROPERTY OWNER'S
ASSOCIATION, INC., RONALD
WOODS, HARVEY GOLDSTEIN,
CYRIL SCHRAGE, JOSEPH
HARRIS, KAREN PERRY, MS.
JANE DOE, VICKY DOE, EARLE
JAY CARLSON, DAVID K. OAKS,
GUY NERONI, RICHARD DALTON,
CHARLOTTE COUNTY BOARD OF
COMMISSIONERS, and VICTORIA
CRAIG,

      Defendants.

## OPINION AND ORDER

This matter comes before the Court on Plaintiffs' Motion for Reconsideration (Doc. #112) filed on September 17, 2014. The deadline for Defendants to respond to the motion has expired and no response has been filed. For the reasons set forth below, the motion is mostly denied.

**I.**

Plaintiffs Albert and Anita Robinson are proceeding *pro se* and *in forma pauperis* in this action. (Docs. ##14, 15.) Plaintiffs' claims stemmed from actions taken by the Section 23 Property Owner's Association and its board members (Section 23 or

Defendants[1]), which manage the subdivision known as Deep Creek, where Plaintiffs live in Punta Gorda, Florida. (Doc. #50.) According to Plaintiffs, Section 23 has imposed fines and obtained an injunction against Plaintiffs in an effort to enforce two deed restrictions. (Id.) According to Plaintiffs, Defendants' enforcement of the deed restrictions constituted unlawful discrimination and is part of a scheme to force Plaintiffs to abandon their property. (Id.) Plaintiffs brought claims against Section 23 for intentional infliction of emotional distress and for violations of the Fair Housing Act (FHA), the Racketeering Influenced Corrupt Organization Act (RICO), and Plaintiffs' constitutional rights under the First and Fourteenth Amendments. (Id.)

On September 2, 2014, the Court issued an Order (Doc. #108) dismissing Plaintiffs' Fourth Amended Complaint, the then-current operative pleading, with prejudice. In reaching that conclusion, the Court determined that, despite multiple opportunities to amend and substantial guidance from the Court, Plaintiffs had not adequately pled any causes of action arising under federal law and that further amendment would be futile.[2] (Id.) Plaintiffs now

---

[1] Defendant David K. Oaks (Oaks) serves as counsel for Section 23, and Plaintiffs' allegations against him concern actions taken in that role. Accordingly, the Court's collective reference to "Defendants" or "Section 23" includes Oaks.

[2] The Court also concluded that Plaintiffs' Fourth Amended

seek reconsideration of that Order and request that it be modified to a dismissal without prejudice so that Plaintiffs can file a new amended complaint.

**II.**

"Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly." American Ass'n of People with Disabilities v. Hood, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003) (citing Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth., 814 F. Supp. 1072, 1072-73 (M.D. Fla. 1993)). "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." PaineWebber Income Props. Three Ltd. P'ship v. Mobil Oil Corp., 902 F. Supp. 1514, 1521 (M.D. Fla. 1995). Courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; [and] (3) the need to correct clear error or prevent manifest injustice." Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994). Unless the movant's arguments fall into one of these categories, the motion must be denied.

The motion to reconsider must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason

---

Complaint was subject to dismissal with prejudice due to Plaintiffs' repeated failure to submit a complaint that was not a "shotgun pleading."

to reverse its prior decision.  Taylor Woodrow, 814 F. Supp. at 1073; PaineWebber, 902 F. Supp. at 1521.  "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based." Taylor Woodrow, 814 F. Supp. at 1072–73.

A motion for reconsideration does not provide an opportunity to simply reargue—or argue for the first time—an issue the Court has once determined.  Court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure."  Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988).  "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration."  Mannings v. Sch. Bd. of Hillsborough Cnty., 149 F.R.D. 235, 235 (M.D. Fla. 1993).

**III.**

Here, Plaintiffs have not articulated any grounds justifying reconsideration.  Indeed, Plaintiffs' motion does not argue that the Court's Order was arrived at in error or note any intervening change in the law which would compel a different result.  Instead, the majority of Plaintiffs' motion is devoted to new allegations that Defendants were involved in identity theft.  However, Plaintiffs do not connect these allegations to the Court's prior Order, nor do they explain how the allegations support their motion

for reconsideration.  Moreover, the allegations of identity theft appear to have no relation whatsoever to the FHA, RICO, and constitutional rights claims brought by Plaintiffs in this case and, therefore, are insufficient to warrant reconsideration. Accordingly, the Court concludes that Plaintiffs have not shown the requisite intervening change in controlling law, availability of new evidence, or need to correct clear error or prevent manifest injustice necessary to warrant reconsideration.

As set forth in the dismissal Order, Plaintiffs were given numerous chances to amend their complaint and were provided explicit instructions concerning how to remedy the persistent procedural and substantive deficiencies in their pleadings. However, these instructions were routinely ignored, Plaintiffs repeatedly failed to adequately plead any claims arising under federal law, and nothing in Plaintiffs' motion suggests that Plaintiffs can remedy those errors even if given yet another chance to amend.  However, the Court will amend the dismissal Order to reflect that Plaintiffs' intentional infliction of emotional distress claim was dismissed on jurisdictional grounds and without prejudice.  Having found that Plaintiffs had failed to adequately plead any claims arising under federal law, the Court declined to retain jurisdiction over Plaintiffs' remaining state law claim for intentional infliction of emotional distress.  Accordingly, Plaintiffs' claim for intentional infliction of emotional distress

is dismissed without prejudice to Plaintiffs filing such a claim in state court.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiffs' Motion for Reconsideration (Doc. #112) is **GRANTED IN PART and DENIED IN PART.** The Court's September 2, 2014 Order (Doc. #108) is modified to reflect that Plaintiffs' claim for intentional infliction of emotional distress is dismissed without prejudice. The motion is otherwise **DENIED.**

2. The Clerk shall enter an amended judgment reflecting that the federal law claims in Plaintiffs' Fourth Amended Complaint (Doc. #50) are **DISMISSED WITH PREJUDICE.**

3. The Court declines to retain jurisdiction over Plaintiffs' remaining state law claims, which are **DISMISSED WITHOUT PREJUDICE**.

**DONE and ORDERED** at Fort Myers, Florida, this   20th   day of October, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record